UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD KWAME GAINES, | ) | Case No.: 2:11-cv-0206-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| GREG COX; RANDY COFIELD; BRIAN WILLIAMS; JERRY HOWELL; CHERYL BURSON, | ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

Before the Court is Defendants Greg Cox, Randy Cofield, Brian Williams, Jerry Howell and Cheryl Burson's Motion to Dismiss (ECF No. 21.) Plaintiff Ronald Gaines filed a Response (ECF No. 23) and Defendants filed a Reply (ECF No. 24.)

In Plaintiff's Response, he agreed to dismiss his claims against Defendants Cox, Williams and Burson and his official capacity claim against Defendant Cofield and Howell. Therefore, only Plaintiff's claims against Defendant Cofield and Defendant Howell in their individual capacities remain.

Also before the Court is Plaintiff's Motion to Bifurcate Trial (ECF No. 32) and Motion to Set Trial Date (ECF No. 33).

## FACTS AND BACKGROUND

Plaintiffs complaint alleges that five employees of the Nevada Department of Corrections ("NODC") violated his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff only seeks monetary relief. (Complaint p. 2–3, 24, ECF No. 12.) In count one of his complaint, Plaintiff alleges the following: on July 26, 2010, while SDCC was on lockdown, Cofield came to Plaintiff's cell and ordered Plaintiff and his cellmate to cuff up. Cofield directed both inmates to face the wall outside the cell, and they complied.

1  Cofield gripped Plaintiff's neck and forced his face and neck into the wall while
2  simultaneously ordering Plaintiff to kneel.  Cofield apparently shoved the kneeling
3  Plaintiff side-to-side by his handcuffed arm until Plaintiff fell with his chest and face onto
4  the concrete floor.  Cofield then entered the cell and began throwing Plaintiff's religious
5  material and mail on to the floor; he ultimately confiscated all religious material and mail
6  including copies of the Bible and the Quran, a Muslim prayer rug and mail envelopes
7  from outside ministries containing religious teachings, without cause, rule violation or
8  misconduct report.  Cofield targeted Plaintiff because Plaintiff's study of multiple
9  religions "irritated" Cofield.  Plaintiff later was taken to the medical unit, photos were
10 taken of his injuries and he received ice for swelling and bruising.  Plaintiff's three-year
11 routine of daily study, research and reflection was interrupted.  Plaintiff alleges here that
12 defendants violated his First, Eighth and Fourteenth Amendment rights. (*See* Complaint
13 at p. 11–14.)  The Magistrate Judge dismissed Plaintiff's Fourteenth Amendment due
14 process claim but allowed the remaining portions of count one to go forward. (*See*
15 Screening Order, p. 4–6, ECF No. 11.)

16      In count two, Plaintiff alleges that: he filed "misconduct reports" against Cofield
17 two days after the alleged excessive force and cell search.  He also requested a transfer to
18 a different unit, which was apparently denied.  Within days, Cofield falsely alleged that
19 Plaintiff threatened him and Plaintiff was placed in solitary confinement where he
20 remained for thirty-five days until officials found that Cofield's charges lacked merit.
21 Plaintiff filed a grievance alleging that Cofield retaliated against him for reporting the
22 excessive force.  Defendants Burson, Howell, Williams and Cox denied the grievance.
23 (Compl. at p. 15–17.)  The Magistrate Judge found that Plaintiff stated a retaliation claim
24 against all Defendants. (*See* Screening Order at p. 6–7.)
25

1  Plaintiff's third count was found to be duplicative of his second count by the
2  Magistrate Judge and accordingly dismissed. (*Id.* at 7.)
3  Defendants filed the instant motion to dismiss asking the Court to dismiss
4  Plaintiffs claims against Defendants Cox, Williams, Howell and Burson in their official
5  and individual capacities.  They also requested that the official capacity claims be
6  dismissed against Defendant Cofield.  As indicated above, Plaintiff agreed to dismiss his
7  claims against Defendants Cox, Williams and Burson and his official capacity claim
8  against Defendant Cofield and Howell.  Therefore, the only dispute before the Court is
9  whether or not count two against Defendant Howell, in his individual capacity, should be
10 dismissed.

## DISCUSSION

### A. Legal Standard – Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.*  In considering whether the complaint is sufficient to state a claim, the court will take all

material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

**B. Analysis**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate against him for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (*i.e.*, filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or

1 circumstantial, to establish a link between the exercise of constitutional rights and the
2 allegedly retaliatory action. *Pratt*, 65 F.3d at 806.  Timing of the events surrounding the
3 alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See*
4 *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

5   Plaintiff argues that Defendant Howell should not be dismissed because he "had
6 knowledge of a prison guard using excessive force against plaintiff." (Response at p. 3.)
7 He then asserts that on August 1, 2010 Defendant Cofield retaliated against Plaintiff by
8 having Plaintiff placed in solitary confinement, which occurred because "Defendant
9 Howell failed to remove plaintiff away from Defendant Cofield in order for no more
10 harm would come to plaintiff . . ." (*Id.*)

11  The allegations against Defendant Howell are based on a theory of *respondent*
12 *superior*.  For defendants to be held liable under §1983, the plaintiff must demonstrate
13 that the defendant personally participated in the alleged denial of rights. *Monell v. Dep't*
14 *of Soc. Serv. of City of New York*, 436 U.S. 658, 663 n.7 (1978); *Jones v. Williams*, 297
15 F.3d 930, 934 (9th Cir. 2002).  Liability under § 1983 attaches only upon personal
16 participation by a defendant in the constitutional violation. *Taylor v. List*, 880 F.2d 1040,
17 1045 (9th Cir. 1989).  However, a supervisor may be liable for constitutional violations
18 of subordinates, if the supervisor actually participated in, directed, or knew of the
19 violations and failed to act to prevent them. *Id.*

20   Plaintiff does not allege any facts that would demonstrate that Defendant Howell
21 directly participated in the retaliation of Defendant Cofield.  Defendant Howell did not
22 ignore the grievance and in fact acted upon that grievance by assigning the grievance to
23 Willontray Holmes for review.  Holmes upheld Plaintiff's grievance and then forwarded
24 it to the Inspector General for an investigation of the incident. (*See* Grievance Issue ID #
25 20062902332, Ex. A-1 attached to MTD, p. 31, ECF No. 21).  The actions of Defendant

Howell appear to be consistent with what a reasonable official in his position would have been expected to do. He took the proper steps to try to prevent another violation by investigating and forwarding the grievance. This was the first incident that was brought to Defendant Howell's attention and it would be reasonable to conduct an investigation before taking remedial measures. It would be impossible for Defendant Howell to have predicted that Defendant Cofield would "retaliate" against Plaintiff four days later by placing him in solitary confinement based on only one grievance report. Therefore, Plaintiff fails to allege facts that would support that Defendant Howell directly participated in the retaliation violation of Defendant Cofield. Accordingly Plaintiff's claim against Defendant Howell in his individual capacity is dismissed.

In Plaintiff's Motion to Bifurcate Trial (ECF No. 32), Plaintiff asked for two separate trials against Defendant Howell and Defendant Cofield. Since Defendant Howell is dismissed from this suit, Plaintiff's motion is moot.

Plaintiff's Motion to Set a Trial (ECF No. 33) is denied as premature. The trial date will be set after the parties have concluded discovery.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 21) is GRANTED.

Plaintiff's claims against Defendants Cox, Williams, Howell, and Burson are DISMISSED.

Plaintiff's claims against Defendant Cofield in his official capacity are DISMISSED. Plaintiff's claims against Defendant Cofield in his individual capacity remain.

IT IS ORDERED that Plaintiff's Motion to Bifurcate Trial (ECF No. 32) is denied as moot.

1  IT IS FURTHER ORDERED that Plaintiff's Motion to Set a Trial (ECF No. 33) is
2  denied without prejudice.

3  DATED this __4__ day of April, 2012.
4
5
6  _____
7  Gloria M. Navarro
   United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25